### J. REYNOLDS *v.* THE STATE.

1. CHARGE OF THE COURT. — In trials for felony, it is the mandate and fundamental policy of the Code of this State that the law, and all the law, applicable to every issue legitimately raised by the evidence shall be presented to the jury in plain language, so that they, by an easy application of it to the facts in proof, may deduce the guilt or innocence of the accused.

2. SAME. — A defendant is entitled to a distinct and affirmative, and not merely an implied or negative, presentation of the issues which arise upon his evidence, in order to prevent the jury from ignoring his defences, and to conduct them to a proper verdict if they find his evidence to be true. However improbable his evidence may seem, it is his right to have the jury determine its truth or falsity in the first instance, without being forestalled by the court.

3. EVIDENCE. — An erroneous ruling on the evidence is not material error when it appears that it was promptly reconsidered and corrected by the trial court, and the defendant suffered no prejudice.

APPEAL from the District Court of Erath. Tried below before the Hon. T. L. NUGENT.

This appeal is from a conviction for burglary, committed October 18, 1879, by breaking and entering the dwelling-

house of John Whisenant, with intent to commit theft. The punishment allotted to the appellant was a term of five years in the penitentiary.

John Whisenant and his wife, as appears by the evidence for the State, left their home in the evening of the day alleged in the indictment, to pay a visit in the neighborhood. No one being left at their house, they fastened the only door by bolting it. They returned the next day, found the bolt broken and the door ajar, and, on investigation, discovered that a trunk left in the house had been opened and rifled of several articles of men's clothing belonging to Whisenant. Some burnt matches were on the floor, evidently left by the burglar.

The appellant and his cousin, one Griffin, it appears, were transient characters visiting a relative in the neighborhood. They and their families, with two wagons, had arrived there a few days before the burglary, and left there in their wagons two days after it. Whisenant sued out a search-warrant, and, with an officer and a *posse*, pursued and overtook appellant and Griffin in an adjoining county. Investigation of appellant's wagon disclosed some of the garments taken from Whisenant's trunk. Griffin made his escape, but the appellant and the rest of their party, with their wagons, were brought back.

The defence introduced Mrs. Griffin, a brother of the appellant, and the lady of the house at which they had been visiting. Their testimony tended to show that the appellant was with his family during the evening and the entire night when the burglary was committed, and that Whisenant's clothing found in his wagon was not put there or claimed by him, but was put there by Griffin after they had left and got out of the neighborhood; that Griffin brought it and sundry other articles, and put them first in his own and afterwards in appellant's wagon, and said he had bought them. Griffin, according to the evidence for the defence, was missing and unaccounted for during the evening and

night of the burglary, and the next day. In short, the defence saddled the *onus* on Griffin, who, all things considered, was in good plight to carry it.

The transcript in this case was improperly filed at the Galveston branch of this court, and was thence, on motion of the assistant attorney-general, transferred to the Austin branch, as may be seen in the report of the proceedings on the motion, at p. 209, *ante.*

*Kennedy & Young*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J. Repeated decisions of courts of last resort in this State, as well as the provisions of our statute, have established the principle that upon the trial of a felony case it is incumbent upon the court to instruct the jury as to the law, and all the law, applicable to the case, and to every issue legitimately deducible from the evidence. It is the fundamental policy of the law that in trials for the graver offences, which may result in the deprivation of life or liberty, the jury shall have presented to them in plain language the law governing the exact issues they are called upon to determine, so framed that their minds can readily comprehend and solve the question of guilt or innocence by an easy and simple application of the law to the facts they find to be true.

A charge which submits some of these issues, especially such as are based upon evidence tending to establish the innocence of the person on trial, in an inferential or negative way, does not meet this legal requirement. The defendant is entitled to a distinct and affirmative presentation of the issues arising upon his evidence, in order that the jury may not be induced to ignore his defences upon the supposition that the court did not deem them of sufficient importance to justify consideration, and for a further reason

that without such presentation the jury are in no condition to make an intelligent selection of the law which should govern them in case they should find that the defendant's evidence was true. *Heath* v. *The State,* 7 Texas Ct. App. 464; *Smith* v. *The State,* 7 Texas Ct. App. 414; *Beckham* v. *The State, ante,* p. 52.

It may often happen that the testimony in defence has been fabricated, and that so inartistically as to bear upon its face an air of improbability or actual untruth; but even then the court is not relieved from the duty of considering it in framing his charge, as it is the right of the defendant to have its truth or falsity determined by the jury and not by the court in the first instance. As said by this court in the recent case of *Riojas* v. *The State, ante,* p. 49, in discussing this identical question: " In view of all the evidence elicited on the trial, it is more than probable that this defence, even under a proper instruction, would have had no appreciable effect with the jury, and would have been discarded altogether by them in reaching their conclusion. But that was not a question for the determination of the court below, and cannot be with this court on appeal. The provinces of court and jury are plainly and rigidly defined by law, and it is not for the former to act upon a belief that the latter cannot be affected by any particular portion of the evidence. Possibly they (the jury) may entertain an altogether different view of the evidence, as is their undoubted prerogative under the law."

The testimony of the defendant in this case tended to show that the burglary for which he was on trial was in fact perpetrated by another party, without his participation or procurement, and that the fruits of the crime came into his possession innocently, several days after its commission. If the jury should believe this testimony to be true, it was their duty to acquit, and they should have been instructed that such a state of facts, if found to be true, constituted in law a complete defence to the prosecution. This instruction

is not found in the otherwise full and explicit charge of the court, and its omission cannot, in view of the facts of the case, be deemed as immaterial and harmless to the defence.

The other errors assigned are not tenable. The testimony of the witnesses Upshaw and Garland was merely cumulative, and the refusal of the application for continuance on account of their absence, in view of the testimony, cannot be deemed erroneous. The indictment sufficiently charges the offence of burglary, and the evidence objected to as to property other than that set out and described in the indictment being found in possession of the appellant at the time of his arrest, seems to have been excluded by the court from the jury, upon an immediate second consideration of the matter. It is not perceived that the action of the court, as an entirety, was prejudicial to the appellant, or that the fairness of the trial was affected by an erroneous ruling in the first instance.

Because the court failed to charge all the law applicable to the case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*